SUPERIOR COURT 
 
 COLMAN M. HERMAN v. CITY OF BOSTON, BOSTON PUBLIC SCHOOLS and MARY SKIPPER, in her Capacity as Superintendent of Schools

 
 Docket:
 2384CV02395-C
 
 
 Dates:
 February 11, 2025
 
 
 Present:
 Robert B. Gordon
 
 
 County:
 SUFFOLK
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
 
 

             The Court has reviewed the parties' submissions in this matter, and concluded that the Defendants' Motion for Summary Judgment must be DENIED.
BACKGROUND
            Plaintiff Colman M. Herman is a freelance reporter who from time to time publishes stories related to local educational matters. Defendants are the City of Boston, the Boston Public Schools ("BPS"), and Mary Skipper in her capacity as Superintendent of the BPS.
            On October 23, 2023, Plaintiff filed suit in Suffolk Superior Court, seeking records related to alleged student misconduct in the BPS pursuant to the Massachusetts Public Records law ("PRL"), G.L. c. 66, § 10, and G.L. c. 4, § 7(26). On June 20, 2024, the Court (Connolly, J.) ordered the Defendants to turn over to Plaintiff copies of responsive records in their possession reflecting student-on-student and student-on-staff misconduct and related discipline. The Court's
 
                                                            -1-
 
order, however, expressly invited the Defendants to redact these documents of any personal identifying information, as required by law, to protect student privacy.
            Thereafter, the Defendants produced to Plaintiff a series of spreadsheets purporting to summarize "Equity Circulars" and other misconduct-related documents and forms maintained by BPS's Office of Equity. These spreadsheets, in their unredacted form, contain a great deal of information bearing upon reports, investigations and resolutions of claimed misconduct, both sexual and otherwise. The documents thus include the names of reporting complainants, identified witnesses, descriptive information about the nature of the alleged infraction, and the steps taken by the BPS to address the matter through investigation, counseling, discipline and other forms of intervention. In making the production called for by Judge Connolly's June 20, 2024 order, the Defendants made redactions that they contend are required by the federal Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g and 34 Code Fed. Regs.§ 99, and the Massachusetts Student Records Law ("SRL"), G.L. c. 71, § 34D and 603 Code Mass. Regs. § 26.00.
            Plaintiff maintains that the Defendants have over-redacted the documents produced, and thereby rendered them virtually devoid of accessible information. The Defendants disagree, and insist that the redactions made are dictated by the requirements of FERPA and the SRL. The present Motion for Summary Judgment calls upon the Court to resolve this dispute.
DISCUSSION
            The Massachusetts PRL "gives the public broad access to governmental records." Friedman v. Division of Admin. Law Appeals, 103 Mass. App. Ct. 806, 807 (2024). The presumptive production of public records when petitioned for, however, is expressly subject to exemptions from disclosure mandated by other statutes that protect the privacy interests of
 
                                                            -2-
affected parties. See G.L. c. 4, § 7(26)(a) (excluding from definition of"public records" any "materials or data" that are "specifically or by necessary implication exempted from disclosure by statutes").
            In the case at bar, the Defendants have invoked two student privacy statutes, FERPA and the SRL, to justify broad redaction from disclosure of documented information about student misconduct within the BPS. The Court agrees that some of the redacted information falls within the purview of information deemed private under these laws. Thus, for example, records containing student names, ID numbers, parent or guardian names, and similar identifiers of misconduct-involved students are explicitly exempt from compulsory disclosure under state and federal student privacy law. See 34 Code Fed. Regs. § 99.3; 603 Code Mass. Regs. § 23.07. As is information reflecting the identity of an investigating staff member (including that person's name, signature, and position title). See 603 Code Mass. Regs. § 23.03. [1]
 
--------------------------------------------
 
[1] The argument pressed by Defendants' counsel at hearing that the SRL provides appreciably broader privacy protections than FERPA, and otherwise justifies the expansive redactions made here, finds no support in the relevant case law. Although the FERPA and SRL employ different terms, the two statutes largely overlap in substance and scope. See Champa v. Weston Pub. Sch., 473 Mass. 86, 92-94 (2015) (applying FERPA and SRL to settlements of education plans for students with disabilities). The SJC has interpreted both statutes broadly, and nothing suggests that the SRL sweeps up more of the substantive information at issue than FERPA. See ii!. at 92 ("Under FERPA, the term 'education records' has a broad scope."), citing Commonwealth v. Buccella 434 Mass. 473,491 (2001) (Marshall, C.J., concurring in part and dissenting in part) ("broad mandate" of FERPA intended to cover all aspects of student's educational life that "relate to academic matters or status as a student"); Boston Sch. Comm. v. Boston Tchrs. Union, Loe. 66, AFT, MFT, AFL-CIO, No. C.A. 05-3525-H, 2006 WL 4125023, at *4 (Mass. Super. Nov. 30, 2006), affd sub nom. Sch. Comm. of Bos. v. Bos. Tchrs. Union, 71 Mass. App. Ct. 1121 (2008) (describing SRL and related regulations as "[m]uch like FERPA"). Moreover, the SJC has explicitly held that, despite the statute's significant protections for privacy, "like FERPA, the Massachusetts [SRL] and regulations protect student records only as they pertain to certain information-not entire documents.... Accordingly, ... any 'segregable portion' of the record must be disclosed, if with the redaction it independently is a public record." Champa. 473 Mass. at 95 (citations omitted). Under FERPA and Massachusetts law, therefore, the scope of information that must be redacted in the interests of student privacy is effectively the same. See ii!. at 96 ("Nothing in these statutes suggests that records relating to students are confidential once all personally identifiable information is removed."). Defendants have not offered any basis upon which to draw a material distinction between the privacy mandates of FERPA and the SRL, nor any reason to revisit the Court's decision of June 20, 2024 (Connolly, J.) which specifically addressed the FERPA-based arguments Defendants raised at that time.
 
                                                            -3-
 
            of all information contained in student records related to whether a student violated a school's code of conduct, what the offending misconduct was alleged and/or found to have entailed, what student disciplinary process followed, and the like sweeps much too broadly. It is true that information that is part of a student record - such as whether the student violated a school's disciplinary code -may not be released to third parties without the subject student's consent. See 603 Code Mass. Regs.§ 23.07(4). But this restriction implicitly supposes that a particular student's privacy will be compromised unless the affected student grants consent to the disclosure. Generically disclosed information about the misconduct and discipline of anonymous students, however -- which Plaintiff makes clear is all that he seeks -- will not infringe upon any student's privacy interests. To construe the regulations cited as expansively as Defendants do now would allow the exception of redaction to swallow the rule of disclosure, and render the important aspirations of the PRL illusory. See Champa v. Weston Pub. Sch., 473 Mass. 86, 92-93 (2015) ("The public records law specifically contemplates redaction of material that would be exempt, to enable the release of the remaining portions of a record . . . What redaction is necessary will be a case-by-case determination that considers the request, the school and the community, and the availability to the requester of other information that indirectly identifies the student."), citing G.L. c. 66, § l0(a) (requiring disclosure of"any segregable portion of a record"); 34 Code Fed. Regs. § 99.31(b)(1) (permitting disclosure of redacted material upon "reasonable determination that a student's identity is not personally identifiable").[2]
 
--------------------------------------------
 
[2] The Court recognizes that, in certain exceptional circumstances, the revelation of even non-identifier information about an episode of student misconduct might allow it to be "linked back" to the specific students involved. See Defendants' Memorandum, at p. 8 (citing federal regulations). The Court submits, however, that these circumstances will be rare, and do not justify the wholesale redaction of such information from all of the records requested. Indeed, in cases where generic information about an episode of misconduct somehow permits identification of the subject student within a particular school community, it will typically be because the incident had already garnered a level of notoriety within such community, rendering the preservation of privacy an impossibility. That said, if the
 
                                                            -4-
 
            Finally, the Court agrees with the Defendants that information consisting of or derived from reports to the Department of Children and Families pursuant to G.L. c. 119, § 51A may not be disclosed in response to a PRL request. Such information is statutorily confidential under G.L. c. 119, § 51E, and thus exempt from disclosure under the PRL. See G.L. c. 4, § 7(26)(a).
CONCLUSION  AND ORDER
            For all the foregoing reasons, the Defendants have not properly complied with the Court's June 20, 2024 PRL order to produce, and their Motion for Summary Judgment must
therefore be DENIED. The Court requests the parties to confer seasonably and in good faith about a records production that adheres to the terms hereof. This should largely entail the agreed striking of many of the existing redactions, and the substitution of anonymizing referents (coded letters and numbers) for the limited personal-identifying information necessary to safeguard student privacy. In the event of any continuing disagreement, the parties are directed to schedule a Rule 16 litigation control conference with the undersigned to address the same.[3]
SO ORDERED.
/s/Robert B. Gordon
Justice of the Superior Court
February 11, 2025
 
--------------------------------------------
 
Defendants are prepared to particularize specific records whose genericized disclosure would, in fact, reveal the identity of the subject students, the Court stands prepared to revisit this ruling on a case-by-case and document by document basis (as contemplated by state and federal law).
[3] The Court notes that, pursuant to G.L. c. 66, § 10A(2), it may award Plaintiff"reasonable attorney fees and costs" incurred to obtain relief by judicial order and, absent circumstances that do not appear present here, such an award shall be presumed. Further, the Court may order the Defendants "to waive any fee assessed under [G.L. c. 66, § IO(d)]'' for the production of the requested records or, upon an award to Plaintiff of costs and fees, "shall" order  such a waiver. To the extent Defendants seek to impose costs on Plaintiff pursuant G.L. c. 66, § IO(d) for the records production ordered herein, any such request must be presented to the Court with supporting affidavits and other evidence as to the reasonable basis for Defendants' request. The Court will consider the appropriateness of the request and the matter of waiver at that time.